**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

JOHN HAYWARD, a/k/a FRIZZ,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____

12-CR-235-A
17-CV-975-A
**DECISION AND ORDER**

Petitioner John Hayward seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

## BACKGROUND

On June 1, 2016, Petitioner pled guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); and narcotics conspiracy, in violation of 21 U.S.C. § 846. Several months later, the Court sentenced Petitioner to 168 months' imprisonment on each count, with both counts to run concurrently. Judgment was entered on October 25, 2016. Petitioner did not file a notice of appeal.

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 951. Petitioner argues that his attorney was ineffective because (1) he did not object to the Government's request for an upward adjustment to Petitioner's base offense level under Sentencing Guideline § 2D1.1(b)(12); and (2) he did not ask for an evidentiary hearing concerning the applicability of Guideline § 2D1.1(b)(12) or the amount of drugs for which Petitioner was held responsible under the Guidelines.

1

## DISCUSSION

In his plea agreement, Petitioner "knowingly waive[d] the right to . . . collaterally attack any component of a sentence imposed by the Court which falls within or is less than" a Sentencing Guidelines range of 168 to 210 months. Docket No. 735 ¶ 20. As noted, the Court sentenced Petitioner to an aggregate sentence of 168 months' imprisonment. Thus, the Court sentenced Petitioner to a term of imprisonment within the scope of the collateral-attack waiver.

A collateral-attack waiver is "'presumpti[vely] . . . enforceabl[e].'" *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d. Cir 2000)) (brackets omitted). A court may disregard a collateral-attack waiver in only a few narrow circumstances, "'such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the [petitioner's] sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus.'" *Id.* Moreover, it is well settled that, "[e]ven if the plain language of the plea agreement" prohibits a collateral attack, a court should "not enforce . . . a waiver" when a petitioner "is challenging the constitutionality of the process by which he waived" his collateral-attack rights. *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (addressing waiver of appellate rights). *See also id.* at 114 ("The rationale is that the very product of the alleged ineffectiveness cannot fairly be used to bar a claim of ineffective assistance of counsel.") (quotation marks omitted).

Petitioner does not show, nor does the record even suggest, that the plea agreement's collateral-attack waiver is unenforceable for any of the reasons set forth above. Moreover, Petitioner does not claim that the collateral-attack waiver itself "was the result of ineffective assistance of counsel." *United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004) (addressing appellate waiver) (emphasis added). The plea agreement's collateral-attack waiver is, therefore, enforceable, and it bars Petitioner's § 2255 motion.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion (Docket No. 951) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b). The Clerk of Court shall take all steps necessary to close the parallel civil action, 17-CV-975-A.

**SO ORDERED.**

Dated: March 26, 2018             __*s/Richard J. Arcara*__
   Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                       UNITED STATES DISTRICT JUDGE