UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                                          **DECISION AND ORDER**
                                                                12-CR-235-RJA

JOHN HAYWARD,

                Defendant.

───────────────────────────────

Defendant John Hayward has filed a *pro se* motion (Dkt. No. 1088) for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, in which he also requests that the Court appoint counsel to represent him in relation to his motion (*see* Dkt. No. 1088, p. 21). The Government filed a response in opposition (Dkt. No. 1099), and Defendant submitted a reply (Dkt. No. 1106) and supplemental letters (Dkt. No. 1131) in support of his motion.[1] For the following reasons, Defendant's motion for a sentence reduction under the compassionate release statute is DENIED, as is his request to appoint counsel.

---

[1] Defendant's initial motion papers contain a copy of his presentence investigation report, and his supplemental filing includes letters from his minor children. Thus, upon receipt, the Court directed the Clerk's Office to seal those documents. *See United States v. Johnson*, 1:12-cr-00061-JGM-1, 2013 U.S. Dist. LEXIS 59130, *2-6 (D. Vt. Apr. 25, 2013) (explaining the "significant confidentiality concerns" that typically weigh against disclosure of presentence reports to third-parties); *United States v. Brown*, 767 F. Supp. 3d 6, 8 n.2 (W.D.N.Y. 2025) (directing the Clerk's Office to seal the defendant's reply papers in support of his motion for compassionate release, where they included "records from a family court proceeding that may contain the names of minor children").

## **BACKGROUND**

On June 1, 2016, Defendant pleaded guilty to Count 1 of the Superseding Indictment charging racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); and Count 2 of the Superseding Indictment charging conspiracy to possess with intent to distribute, and to distribute, 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  Count 1 carried a maximum possible sentence of 20 years' imprisonment and Count 2 carried a mandatory minimum of 10 years' imprisonment and a maximum of life.  With a total offense level of 31 and a Criminal History Category of V, the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of imprisonment was 168 to 210 months.  On September 27, 2016, the Court sentenced Defendant to 168 months in custody on each count of conviction, to run concurrent to each other, for an aggregate term of imprisonment of 168 months at the low-end of the Guidelines range.

Defendant did not file a notice of appeal, although he did file a petition pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel that this Court denied (Dkt. No. 984) due to the collateral-attack waiver in his plea agreement.  Defendant's appeal from this Court's Decision and Order denying his § 2255 petition was later dismissed by the Second Circuit.  Dkt. No. 991 (Mandate).

In September 2023, Defendant filed the instant compassionate release motion asking for immediate release, or in the alternative, a "time reduction."  Dkt. No. 1088, p. 3.[2]  Defendant is 43 years old and he is currently incarcerated at United States

---

[2] The Court recognizes that "[w]hen considering a § 18 U.S.C. 3582(c)(1)(A) motion, a district court is not bound by a binary choice of immediate release or denial." *United*

Penitentiary Canaan ("USP Canaan"), in Waymart, Pennsylvania, and his projected release date is December 20, 2027.³

## DISCUSSION

"The First Step Act's 'compassionate release' provision, 18 U.S.C. § 3582(c)(1)(A), provides an exception to the general rule that a court may not modify a term of imprisonment after it has been imposed." *United States v. Luke*, No. 14-CR-06089-FPG, 2024 U.S. Dist. LEXIS 72005, *3 (W.D.N.Y. Apr. 19, 2024) (internal citation omitted), *aff'd*, 24-1141, 2025 U.S. App. LEXIS 5477 (2d Cir. Mar. 10, 2025) (summary order).  Under this provision, a court may reduce the term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i) (alterations omitted); *see United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam).

Preliminarily, "absent waiver or forfeiture by the government" (*Keitt*, 21 F.4th at 71), a defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the

---

*States v. Orellana-Torres*, 2:10-cr-00074-JMA-18, 2025 U.S. Dist. LEXIS 64182, *2 (E.D.N.Y. Apr. 3, 2025).  Indeed, "compassionate release is a misnomer," as section 3582(c)(1)(A) "in fact speaks of sentence reductions." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  For example, a district court could "reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." *Id.*

³ *See Inmate Locator: Register Number 21425-055*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 2, 2026).

3

Bureau of Prisons [hereinafter, 'BOP'] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier" (18 U.S.C. § 3582(c)(1)(A)). Defendant submitted a compassionate release request dated July 26, 2023, to the Warden of United States Penitentiary Big Sandy ("USP Big Sandy"), where he was housed at the time, and his request was "rejected" on August 3, 2023. See Dkt. No. 1088, pp. 62-63. Given the Government's waiver of the exhaustion issue, the Court will consider Defendant's motion on the merits.

It is a defendant's burden to show that he or she is entitled to a sentence reduction under § 18 U.S.C. 3582(c)(1)(A). See *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam).

I.     **Extraordinary and Compelling Circumstances**

Defendant argues that the following circumstances are extraordinary and compelling, and warrant a reduction of his 168-month sentence: (1) the conditions of confinement during the COVID-19 pandemic, (2) his stepmother's medical condition that requires around-the-clock care, (3) an unwarranted sentencing disparity due to governmental policy changes regarding sentencing in crack cocaine cases, and (4) his rehabilitation. The Court concludes that Defendant has not met his burden to show that these circumstances, even taken together, rise to the level of extraordinary and compelling.

A defendant "must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that…a sentence reduction…would not simply constitute second-guessing of the sentence previously imposed." *Keitt*, 21 F.4th at

4

71. Congress expressly delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Guideline § 1B1.13(b) sets forth the Sentencing Commission's policy statements regarding "extraordinary and compelling reasons" that warrant a sentence reduction. Defendant explicitly refers to two such policy statements in his motion papers. He argues that a "new change in the law for cocaine base" renders him qualified under the "unusually long sentence" category of Guideline § 1B1.13(b)(6), and that his circumstances, either singularly or together, fall under the "catch-all category" of Guideline § 1B1.13(b)(5).

First, Defendant asserts that he experienced "unreasonably harsh conditions of confinement" caused by the COVID-19 pandemic, that is, restrictive lockdowns, a lack of social visits and communication with family and friends, and "mental challenges" accompanying his fear of himself or his family members contracting COVID-19. However, Defendant "fails to allege any unique conditions that only he suffered," and instead "cites to general circumstances experienced by all inmates, which do not in and of themselves constitute extraordinary and compelling circumstances warranting relief." *United States v. Elder*, 17-CR-05-A, 2025 U.S. Dist. LEXIS 26410, *37 (W.D.N.Y. Feb. 13, 2025) (collecting cases).

Second, according to Defendant, he should be released to care for his ailing stepmother. Defendant claims that his stepmother suffered a stroke that paralyzed half of her body, rendering her unable to walk and necessitating 24/7 care of her. The Court finds that Defendant's family circumstances do not fall under the "family

5

circumstances" category of extraordinary and compelling circumstances as outlined by Guideline § 1B1.13(b)(3). Even assuming, *arguendo*, that Defendant's stepmother qualifies as an "other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member," Defendant has failed to submit any documentation to substantiate his claim that his stepmother is "incapacitated" within the meaning of Guideline § 1B1.13(b)(3). *See United States v. Diaz*, 768 F. Supp. 3d 369, 371, 376 (E.D.N.Y. 2024) (finding defendant had not met his burden of showing his mother's incapacitation where defendant submitted only an affidavit from his mother "stating her need for [defendant] as her caretaker," but "without corresponding medical documentation of her incapacitation") (collecting cases).

Additionally, Defendant does not submit that he is the "only available caregiver" for his stepmother. U.S.S.G. § 1B1.13(b)(3)(D). To the contrary, he acknowledges that his mother is his stepmother's current caregiver, and while he argues that it would prove difficult for his mother to continue in this role as it is "starting to take a toll" on her, he does not contend that his mother or any other individual, or social service or community program, is unavailable to provide required care and assistance to his stepmother. *See United States v. Parker*, 18-CR-138 (JLS), 2023 U.S. Dist. LEXIS 60943, *11 (W.D.N.Y. Apr. 5, 2023) ("Courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established.") (internal quotation marks and citation omitted).

6

In short, Defendant's stepmother's medical condition is not a familial circumstance constituting extraordinary and compelling reasons for a sentence reduction.[4]

Third, the Court can also readily dispose of Defendant's "unusually long sentence" argument. "Section 1B1.13(b)(6) applies to situations in which a change in the law between the time a defendant was sentenced and the time a defendant files a compassionate release motion (i.e., a post sentencing change in the law) would have resulted in a reduced term of imprisonment." *United States v. Fiumano*, 14-CR-518-02 (CM), 2025 U.S. Dist. LEXIS 192974, *8 (S.D.N.Y. Sept. 29, 2025) (citing U.S.S.G. § 1B1.13(b)(6)).

Defendant does not actually point to any change in the law, however. Rather, Defendant asserts that his 168-month sentence for 280 grams of crack-cocaine is "disproportionately high given today's understanding [of] unjust disparities in sentencing for crack-cocaine offenses." Dkt. No. 1106, p. 4. He argues that if the Court were to sentence him at the time he filed his motion, he "would have got [sic] a lesser sentence." Dkt. No. 1088, p. 20. Because his motion was filed in September 2023, Defendant was likely relying on a policy change within the U.S. Department of Justice ("DOJ") as reflected in then-U.S. Attorney General Merrick Garland's memorandum dated December 16, 2022 ("Garland Memo"), which outlined updated

---

[4] The Court also notes that Defendant's mother submitted a letter in support of his motion for early release (Dkt. No. 1131, p. 1), which does not make any mention of Defendant's stepmother or her medical condition. In addition, Defendant's stated intent that upon his release he would reside with his mother and stepmother but also work for his father and attend trade school (*see* Dkt. No. 1088, p. 15 ["Release Plan"]) suggests that his stepmother does not require his full-time care of her.

7

DOJ policies on charging, pleas, and sentencing recommendations in crack cocaine cases. The Garland Memo "provid[ed] that prosecutors should charge and advocate for a sentence consistent with the guidelines for powder cocaine rather than crack cocaine." *United States v. Delvalle*, 16 Crim. 174 (NRB), 2025 U.S. Dist. LEXIS 6334, *8 n.7 (S.D.N.Y. Jan. 13, 2025).[5]

As courts in this Circuit—including this Court—have recognized, the Garland Memo is an internal DOJ policy memorandum that does not carry the force of law and does not constitute an extraordinary and compelling circumstance for the purposes of evaluating a compassionate release motion. *See, e.g.*, *Elder*, 2025 U.S. Dist. LEXIS 26410, at *38-39 ("That memo does not reflect a change in the law, but, at most, reflects the [former] Attorney General's disagreement with the law. Accordingly, the memo does not support [defendant]'s motion.") (internal quotation marks and citations omitted); *United States v. Baptiste*, 15-CR-854 (SHS), 2024 U.S. Dist. LEXIS 124854, *3-4 (S.D.N.Y. July 16, 2024) ("[T]he Attorney General's memorandum merely advises prosecutors on charging and sentencing policy; it does not bind the Court's decisions."); *United States v. Anderson*, 19 CR 771 (VB), 2023 U.S. Dist. LEXIS 14583, *4 (S.D.N.Y. Jan. 26, 2023) ("the newly promulgated DOJ charging and sentencing policy does not constitute a change in sentencing law") (emphasis in original).

---

[5] *See id.* (citing *Memorandum for All Federal Prosecutors: Additional Department Policies Regarding Charging, Pleas and Sentencing in Drug Cases*, Op. Att'y Gen. (Dec. 16, 2022) at 4-5, available at https://www.justice.gov/d9/2022-12/attorney_general_memorandum_-_additional_department_policies_regarding_charges_pleas_and_sentencing_in_drug_cases.pdf).

Indeed, the Garland Memo explicitly states that the policies outlined therein were "not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation within the United States"; rather, such policies were "intended solely for the guidance of attorneys for the government."[6]  The Garland Memo also "d[id] not forbid prosecutors from seeking mandatory minimum sentences in crack cocaine cases." *Anderson*, 2023 U.S. Dist. LEXIS 14583, at *4.[7]  Furthermore, the Garland Memo "is prospective only.  It explicitly does not apply retroactively to persons like [Defendant] who had been sentenced before it took effect." *United States v. Fernandez*, 13 Cr. 20 (PAE), 2023 U.S. Dist. LEXIS 47971, *10 (S.D.N.Y. Mar. 21, 2023).

The Court will not "speculate as to what charging [or sentencing] decision [or recommendation]" would have been made by the U.S. Attorney's Office had Defendant been prosecuted at the time Defendant filed his compassionate release motion with the Court. *Delvalle*, 2025 U.S. Dist. LEXIS 6334, at *9 (quoting *Anderson*, 2023 U.S. Dist. LEXIS 14583, at *5).  "The Court [also] does not believe that, having received the benefits of the plea agreement, [Defendant] should be able to now use the compassionate release statute to essentially make an 'end run' around his collateral attack waiver and argue that the Guideline's crack-to-powder cocaine ratio was unfair at the time of sentencing, which is what he is essentially claiming." *United States v. Douchette*, 10-CR-6058 CJS-2, 2024 U.S. Dist. LEXIS

---

[6] Garland Memo, at 5 n.4.

[7] *See* Garland Memo, at 1-2.

69261, *12-13 (W.D.N.Y. Apr. 16, 2024) (internal citation omitted); see Dkt. No. 735 (plea agreement), ¶¶ 20-21; *United States v. Rodridguez*, 147 F.4th 217, 224 (2d Cir. 2025) (holding that defendant's "collateral attack on the validity of his sentence is not properly raised in a compassionate release motion") (citing *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024) (explaining that "the validity of a conviction or sentence can be challenged only on direct appeal or collateral review")).[8]

Last, Defendant contends that his "extraordinary record of rehabilitation" while in BOP custody constitutes a reason for a reduction in his sentence. Defendant has provided documentation of strides he has made toward rehabilitation, through his employment and completion of numerous educational programs during his period of incarceration, and by earning his G.E.D. in the BOP. He also expresses his self-reflection and remorse in a letter to the Court. Dkt. No. 1106, pp. 19-22. The Court is compelled to note that while Defendant argues he has "demonstrated good conduct" since his incarceration (Dkt. No. 1088, p. 6), he attaches to his motion a copy of his disciplinary record (Dkt. No. 1088, pp. 26-28) that includes, among other less serious infractions, several sanctions for using or possessing drugs or alcohol.

---

[8] The Supreme Court has granted certiorari in *Fernandez* to determine "[w]hether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2225." *Fernandez v. United States*, 145 S. Ct. 2731, 2732 (2025).

The Court assumes, *arguendo*, that Defendant's most recent disciplinary infraction was in January 2023,[9] and that he has since maintained a flawless record. Even considering that information and taking it together with Defendant's employment and extensive programming, rehabilitation is "not, by itself, an extraordinary and compelling reason" for a sentence reduction. U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)). Although commendable, "a productive institutional record while incarcerated ... is what is expected[.]" *Baptiste*, 2024 U.S. Dist. LEXIS 124854, at *5 (internal quotation marks and citation omitted).

For the reasons stated above, the Court finds that Defendant has not presented extraordinary and compelling reasons for compassionate release, including those that he argues fall under the "catch-all category" of Guideline § 1B1.13(b).[10]

## II. <u>18 U.S.C. § 3553(a) Factors</u>

Even if Defendant had demonstrated that an extraordinary and compelling reason for a sentence reduction exists—and he has not—the Court would nonetheless conclude that compassionate release is not warranted upon its consideration of the factors under 18 U.S.C. § 3553(a). These factors include "the

---

[9] Defendant's disciplinary record notes that most recent incident occurred in January 2023, but the record itself is dated August 15, 2023.

[10] This category provides that "extraordinary and compelling reasons" exist where "[t]he defendant presents any other circumstance or circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [terminal illness or serious medical condition, advanced age, extraordinary family circumstances, abuse while in custody], are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

11

nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and the need "to protect the public from further crimes of the defendant" and "to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A) through (C), (a)(6).

Defendant's criminal history and the severity of his offense conduct remain unchanged from the time he was sentenced. Briefly, Defendant admitted his association with the L.R.G.P. gang, which distributed large amounts of crack cocaine around the Broadway/Fillmore neighborhood on the East Side of Buffalo, New York.[11] For years, Defendant and his co-defendant gang members sold cocaine base in furtherance of the L.R.G.P. enterprise activities. They also maintained premises for the purpose of manufacturing and distributing cocaine base. Defendant's criminal history, beginning in 2001 at the age of 18, included multiple convictions related to drug distribution and resulted in a Criminal History Category of V.

During sentencing, the Court stated, "the defendant appears to be somewhat remorseful[,] and [it] seems that maybe when this is all over, he'll turn his life around

---

[11] "L.R.G.P." is an acronym for streets in the area, *i.e.*, Lombard, Rother, Gibson, and Playter, where the gang members lived and committed their racketeering acts. Dkt. No. 735, ¶ 4.a.

and live a law-abiding life." Dkt. No. 954 (Sentencing Tr.), pp. 15-16.  It appears that Defendant has made good use of his time in prison, which should certainly assist in his adjustment upon his ultimate release from incarceration.  However, reducing Defendant's sentence would undermine the purposes of sentencing.  Considering the seriousness of Defendant's offense conduct, and the need to promote respect for the law, adequately deter criminal conduct, and provide just punishment, the Court determines that a sentence of 168 months remains sufficient but not greater than necessary to fulfill the purposes of sentencing.

## CONCLUSION

As set forth above, because Defendant has not shown extraordinary and compelling circumstances and because any sentence reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a), Defendant's motion for compassionate release (Dkt. No. 1088) is DENIED.[12]

**IT IS SO ORDERED.**

       __s/Richard J. Arcara_____
       HONORABLE RICHARD J. ARCARA
       UNITED STATES DISTRICT COURT

Dated:  March 2, 2026
       Buffalo, New York

---

[12] Defendant's request to appoint counsel is also DENIED.  *See United States v. Feliz*, 2023 U.S. Dist. LEXIS 213357, *4-5 (S.D.N.Y. Nov. 30, 2023) ("Generally, a defendant has no right to the assistance of counsel in filing a motion for compassionate release... [I]t is within the district court's discretion whether to appoint counsel... In exercising that discretion, a district court may consider whether the defendant's compassionate release motion would likely be successful.") (internal quotation marks and citations omitted).